UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.: 8:17-cv-2385-T-24TBM

CESAR SILVA and ZAMANTHA TAPIA,

    Plaintiffs,

v.

CASA VERDE MHC, LLC, LAKESHORE
COMMUNITIES, INC., LAKESHORE
MANAGEMENT, INC.,
LISANDRA MAYSONET and BERENICE
ACOSTA,

    Defendants.
_____/

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STAY LITIGATION AND DEFENDANTS' NOTICE OF NO OPPOSITION TO PLAINTIFFS' MOTION FOR SETTLEMENT CONFERENCE

Defendants, CASA VERDE MHC, LLC, LAKESHORE COMMUNITIES, INC., LAKESHORE MANAGEMENT, INC., LISANDRA MAYSONET and BERENICE ACOSTA (hereinafter, "LAKESHORE"), pursuant to Local Rule 3.01, hereby respond to Plaintiffs' June 19, 2018 Motion Requesting Settlement Conference and Stay of Litigation, as follows:

1. On June 19, 2018, Plaintiffs filed a motion for settlement conference and stay of litigation. (Dkt. 41). Plaintiffs did not confer with defense counsel prior to filing their motion.

2. Defendants hereby notify the Court and Plaintiffs that they do not oppose Plaintiffs' motion for settlement conference, provided that such conference will be deemed to satisfy this Court's requirement that the parties conduct mediation by August 24, 2018. (Dkt. 25)

3. However, Defendants oppose Plaintiffs' motion to stay the proceedings until July 31, 2018. Plaintiffs have failed to establish entitlement to a stay. Additionally, a stay would prejudice

Defendants' ability to gather evidence in support of summary judgment and to prepare for trial. Defendants are entitled to proceed with the litigation of this case while contemporaneously engaging in settlement negotiations.

## MEMORANDUM OF LAW

A stay of proceedings is within the Court's discretion. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). However, consideration of whether to grant a stay is based on a balancing test in which the movant bears the burden of showing either "a clear case of hardship or inequity" if the case proceeds, or little possibility the stay will harm others. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). Courts have examined the following factors to determine if a stay is appropriate: (1) whether the stay would prejudice the non-moving party, (2) whether the proponent of the stay would suffer hardship or inequity if forced to proceed, and (3) whether granting the stay would further judicial economy. *Garmendiz v. Capio Partners, LLC*, 2017 WL 3208621 (M.D. Fla July 26, 2017).

In this case, a stay would prejudice Defendants because the deadline to complete discovery is August 10, 2018 (see dkt. 25) and Defendants would be unable to complete discovery if the action is stayed until July 31, 2018. The discovery currently pending includes Defendants' requests for admissions served to each Plaintiff, as well as the Plaintiffs' depositions which after numerous requests are being scheduled for the first week of August. This discovery is necessary to allow Defendants to gather evidence in support of their anticipated motion for summary judgment, as well as to prepare for trial. Defendants would therefore be prejudiced by a stay which would preclude Defendants from being able to engage in this discovery.

Plaintiffs will not be prejudiced by denial of their request to stay the proceedings. Plaintiffs have consistently refused to provide responses to initial discovery or provide dates for their

depositions. Defendants were only able to obtain responses to initial discovery and dates upon which Plaintiffs could be deposed by threatening to move for sanctions after approximately four (4) months of Plaintiffs' refusal to engage in discovery. Plaintiffs now seek a stay presumably to prevent them from having to engage in further discovery, which is patently unfair to Defendants. Plaintiffs have alleged that they "lack the skills of licensed attorneys" and that Plaintiff SILVA is a disabled veteran with physical and invisible disabilities. Dkt. 41, ¶ 6. However, Plaintiffs' decision to proceed pro se does not excuse them from the requirement to participate in discovery on a claim that they have filed against Defendants. Additionally, SILVA has not alleged how he will be prejudiced by a denial of his request for a stay.

Finally, granting a stay will not further judicial economy. Although the parties have engaged in settlement negotiations, the parties have not reached an amicable resolution of Plaintiffs' claims. Thus, granting a stay simply because the parties have agreed to broach the topic of settlement negotiations does nothing to further the interests of judicial economy. If anything, a stay would hinder judicial economy if the parties do not reach a resolution by July 31, 2018 because Defendants would be forced to move for a continuance of the discovery cut-off and dispositive motion deadlines stated in the Court's Case Management Order.

Based upon the foregoing, Defendants respectfully request that the Court deny Plaintiffs' motion to stay the proceedings.

Respectfully submitted this 29th day of June, 2018.

/s/Amy L. Baker
AMY L. BAKER, ESQUIRE
Florida Bar No. 86912
Amy.baker@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue, Suite 1200
Orlando, Florida   32801

        407-203-7599 - Phone
        407-648-1376 - Facsimile
        Attorneys for Defendants CASA VERDE MHC, LLC, LAKESHORE COMMUNITIES, INC., LAKESHORE MANAGEMENT, INC., LISANDRA MAYSONET, and BERENICE ACOSTA

## **CERTIFICATE OF SERVICE**

I hereby certify that on **June 29, 2018**, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send a notice of electronic filing to all parties and have further provided a copy to Plaintiffs via email at est123@post.com.

        /s/Amy L. Baker
        AMY L. BAKER, ESQUIRE

.